UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW FRANKLIN SMITH,

        Petitioner,

v.

        Case Number: 2:24-cv-11792
        Honorable Sean F. Cox

RANDIE REWERTS,

        Respondent.
_____/

**ORDER (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS, (2) GRANTING PETITIONER'S MOTION TO STAY AND HOLD HABEAS PETITION IN ABEYANCE, (3) STAYING CASE PENDING EXHAUSTION OF STATE REMEDIES, AND (4) ADMINISTRATIVELY CLOSING CASE**

Matthew Franklin Smith (Petitioner) is a Michigan prisoner presently confined at the Carson City Correctional Facility in Carson City, Michigan. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He simultaneously filed a motion to proceed in forma pauperis and to hold the petition in abeyance to permit him to exhaust additional claims with the state courts, which are not included in his current habeas petition. The Court now finds that the motion to proceed in forma pauperis is moot because Petitioner paid the $ 5.00 filing fee. The Court further finds that the request for a stay is lawful and should be granted. The Court will hold the petition in abeyance and stay the proceedings under the terms outlined below in the opinion to permit Petitioner to complete exhaustion in the state courts. The Court will also administratively close the case.

## I. Background

In February 2020, Petitioner was convicted by jury of first-degree premeditated murder, Mich. Comp. Laws § 750.316(1); torture, Mich. Comp. Laws § 750.85; and unlawful

imprisonment, Mich. Comp. Laws § 750.349b in the Crawford County Circuit Court. The trial court sentenced him, a second-offense habitual offender, Mich. Comp. Laws § 769.10, to life in prison without the possibility of parole for the murder conviction, 45 to 80 years' imprisonment for the torture conviction, and 142 months' to 22½ years' imprisonment for the unlawful imprisonment conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals. He raised claims concerning the trial court's denial of the motion for new trial, suppression of testimony, prosecutorial error, and ineffective assistance of counsel. On direct appeal, the Michigan Court of Appeals affirmed his convictions and sentence. *People v. Smith*, No. 354026, 2022 WL 1701709, at *6 (Mich. Ct. App. May 26, 2022). On January 4, 2023, the Michigan Supreme Court denied the application for leave. *People v. Smith*, 982 N.W.2d 676, 677 (Mich. 2023). The court denied reconsideration of its order on April 3, 2023. *People v. Smith*, 987 N.W.2d 204 (Mich. 2023).

Petitioner subsequently filed a motion for relief from judgment in the trial court raising seven claims concerning (1) sufficiency of the evidence, (2) jury instructions, (3) ineffective assistance of counsel for failing to object to prosecutor's violation of the suppression order, (4) ineffective assistance of counsel for failing to object to prosecutor's conduct and move for mistrial and/or request curative instruction, (5) ineffective assistance of counsel for failing to investigate, (6) evidentiary error, and (7) ineffective assistance of appellate counsel. ECF No. 3, PageID.59-61. On January 30, 2024, the trial court denied the motion for relief from judgment. *Id*. at PageID.61. On May 31, 2024, the trial court denied Petitioner's request for reconsideration. *Id*. Petitioner did not appeal the post-conviction ruling to the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner filed this instant habeas petition raising the claims presented on direct appeal to the Michigan Court of Appeals. He moves to stay this habeas matter while he continues to exhaust his state-court remedies related to the claims raised in his post-conviction motion.

## II. Discussion

A federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline*, 246 F. App'x. 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F. 3d at 83); *see also Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Although a district court has the option to dismiss a fully-exhausted habeas petition where a habeas petitioner's unexhausted claims are pending in state court, for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *see also Bowling*, 246 F. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The motion to hold the petition in abeyance is granted. The outright dismissal of the petition, albeit without prejudice, could preclude the consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common

3

circumstance that justifies holding a habeas petition in abeyance arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Other considerations support holding the petition in abeyance while Petitioner exhausts his new claims. In particular, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas*, 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id*.

Finally, while the case is pending resolution in State court, the Court will administratively close the case because the Court anticipates the case will lie dormant for many months while Petitioner pursues his claims at each level of Michigan's criminal justice system. "Administrative closures are a tool of docket management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (cleaned up). Importantly, "the closing has no effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.* (cleaned up). Because an administrative closure has no effect on the disposition of the case, "an administrative closure is not tantamount to a formal dismissal of a

4

case," which is appealable. *Id.* Petitioner may move to reopen the case after exhausting all claims in State court.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's motion to proceed in forma pauperis is **DENIED**. His request to hold his habeas petition in abeyance while he exhausts his state-court remedies is **GRANTED**. This stay is conditioned upon Petitioner seeking timely review in the Michigan Court of Appeals and Michigan Supreme Court in the manner provided under Michigan law. The stay is further conditioned on Petitioner's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within 60 days of fully exhausting his state court remedies.

If Petitioner fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Petitioner's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

Dated: December 6, 2024

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on December 6, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/J. McCoy
Case Manager